**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,

-vs-                                                    Case No.  6:06-cr-209-Orl-19DAB

RODERICK FINNMARK HADLEY,

_____

# ORDER

This case comes before the Court on the Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Defendant Roderick Finnmark Hadley.  (Doc. No. 90, filed July 25, 2011.)

## Background

On November 16, 2006, Defendant was charged in a single-count indictment with possession with the intent to distribute and distribution of fifty grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  (Doc. No. 10, filed Nov. 16, 2006.)  A jury found Defendant guilty of the charged count.  (Doc. No. 47, filed Feb. 2, 2007.)  Based on Defendant's prior felony drug offenses, he was subject to a minimum mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) (2007).  On June 25, 2007, the Court entered a Judgment sentencing Defendant to a life term of imprisonment to be followed by a ten-year term of supervised release.  (Doc. No. 64 at 2-3, filed June 27, 2007.)  The Eleventh Circuit affirmed the conviction and sentence, (Doc. No. 82, filed Apr. 29, 2008), and this Court denied Defendant's Motion for relief from his conviction and sentence under 28 U.S.C. § 2255, (Civil Case No. 6:09-cv-998, Doc. No. 8, filed Feb. 26, 2010).

Defendant now moves for modification of his sentence under 18 U.S.C. § 3582(c)(2), arguing that he should be resentenced in light of Untied States Sentencing Guidelines Amendments 748 and 750.  (Doc. No. 90.)

## Analysis

Pursuant to 18 U.S.C. § 3582(c)(2), when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), "the court may reduce the term of imprisonment, after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is found in U.S.S.G. § 1B1.10(a), and it provides that when a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in U.S.S.G. § 1B1.10(c), a reduction in the defendant's prison sentence is authorized under 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10(a)(1).  However, if an amendment is not listed in U.S.S.G. § 1B1.10(c), it may not be applied retroactively in a Section 3582(c)(2) motion.  *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (noting that a Sentencing Guidelines amendment may be applied retroactively only when it is expressly listed in § 1B1.10(c)).

The Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-120, 124 Stat. 2372 (2010), directed the United States Sentencing Commission to promulgate emergency amendments to the Guidelines that would bring the Guidelines into conformity with the Act's substantive provisions reducing the criminal penalties for certain crack cocaine offenses.  Pub. L. 111-220 § 8, 124 Stat. at 2374.  The result of that directive was Amendment 748 to the United States Sentencing Guidelines

-2-

which, among other things, adjusted downward the base offense levels for crack cocaine offenses. Amendment 748 was a temporary, emergency amendment.

On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the United States Sentencing Commission voted to give Amendment 748, which will be designated Amendment 750 in Appendix C of the United States Sentencing Guidelines, retroactive effect. 76 Fed. Reg. 41332-35 (July 13, 2011). However, absent congressional action to the contrary, Amendment 750 will not have retroactive effect until its effective date of November 1, 2011. *Id.* at 41332. Therefore, as of the date of this Order, Amendment 750 is not yet listed in § 1B1.10(c) of the Guidelines and does not provide a legal basis for resentencing Defendant under 18 U.S.C. § 3582(c)(2). *See, e.g.*, *United States v. Drummond*, No. 7:09-cr-00030-GRA-2, 2011 WL 2746278, at *2 (D.S.C. July 14, 2011) (dismissing without prejudice a defendant's request for resentencing under 18 U.S.C. § 3582(c)(2) because Amendment 750 had not yet taken effect).

Because Defendant's motion for reduction of sentence based on Amendments 748 and 750 is premature, the Court denies it without prejudice to reassertion on or after November 1, 2011.

### Conclusion

Based on the foregoing, it is **ORDERED and ADJUDGED** that the Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Defendant Roderick Finnmark Hadley (Doc. No. 90) is **DENIED without prejudice** to reassertion on or after November 1, 2011.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 27, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Roderick Finnmark Hadley
Counsel of Record